Robert W. MILLER, Geraldine C. Miller, Plaintiffs,

v.

Fred J. BUSCAGLIA, Commissioner of Social Services, Erie County Department of Social Services, Defendant.

No. CIV–85–598E.

United States District Court, W.D. New York.

April 17, 1987.

Diane S. Hinman, Buffalo, N.Y., for plaintiffs.

Peter S. Aiello, Buffalo, N.Y., for defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

The plaintiffs challenge the March 22, 1985 Order of Bankruptcy Judge Beryl E. McGuire which denied a motion seeking to have the defendant found in contempt of the automatic stay provisions of 11 U.S.C. § 362(a). The essential facts, aptly summarized by Judge McGuire, are not in dispute.[1] The defendant had obtained an order from New York's Family Court against Robert W. Miller October 6, 1983 for an income deduction. The Family Court Order was based on a support obligation assertedly owed by Mr. Miller during what proved to be a temporary separation from his wife, Geraldine C. Miller, and his child. The alleged contempt, according to Judge McGuire, is based upon the fact that the Income Deduction Order was permitted to continue against the Mr. Miller despite his apparent reconciliation with his wife, and the conversion of their Chapter 13 petition, which had been filed September 28, 1983, to a Chapter 7 proceeding in bankruptcy December 5, 1984. *See* March 22, 1985 Order, *supra* at 2. The threshold question for this Court is whether the support obligation incurred by Mr. Miller is properly dischargeable under relevant provisions of the Bankruptcy Code.

At the time the plaintiffs filed their Chapter 13 petition, section 523 of Title 11 of the United States Code, so far as is here pertinent, stated under the caption "Exceptions to discharge":

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, *in connection with a separation agreement, divorce decree or property settlement agreement,* but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(2b) of the Social Security Act); \* \* \*." (Emphasis added).

The fundamental requirement of section 523(a)(5)(A) is that the debt arise in connection with either a divorce decree, separation agreement or property settlement agreement.[2] This section does not apply to Mr. Miller's debt which was not so incurred.

It is axiomatic that bankruptcy statutes are to be read strictly in the debtor's favor and that exceptions to discharge are to be narrowly construed. *In re Danns,* 558 F.2d 114 (2d Cir.1977). It is clear that the underlying purposes of both the Bankruptcy Act and the exceptions to discharge are best preserved by a strict construction of the statute. *Cf., In re Adamo,* 619 F.2d 216, 222 (2d Cir.1980).

The United States Supreme Court has long recognized that "[t]he overriding purpose of the bankruptcy laws is to provide the bankrupt with comprehensive, much needed relief from the burden of his indebt-

---

1. A lengthier recitation of the facts, set forth in the plaintiffs' brief, is apparently unchallenged.

2. After the plaintiffs filed their petition under Chapter 13, Congress amended section 523(a)(5) by adding the phrase "or other order of a court of record." That section now reads:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, *or other order of a court of record* or property settlement agreement \* \* \*. (Emphasis added.)

edness by releasing him from virtually all his debts." *Matter of Cross*, 666 F.2d 873, 879 (5th Cir.1982). See *Perez v. Campbell*, 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233 (1971). As the United States Court of Appeals for the Sixth Circuit has pointed out, "[s]ection 523(a)(5) represents Congress' resolution of the conflict between the discharge of obligations allowed by the bankruptcy laws and the need to ensure necessary financial support for the divorced spouse and children of the debtor." *In re Calhoun*, 715 F.2d 1103, 1106 (6th Cir.1983). In this case a loose construction of the statute serves neither of these two principles. By construing this debt as non-dischargeable, Mr. Miller would be denied the fresh opportunity usually afforded by a discharge in bankruptcy and, inasmuch as the couple has reconciled, the plaintiff's wife and child, rather than having a guarantee of financial security as the section intends, would be deprived of much needed income by the continued wage deduction imposed on Mr. Miller's salary.

In accordance with the foregoing, it is hereby ORDERED that the judgment of the Bankruptcy Court is reversed and that the plaintiffs' motion is granted.